Lindley and another v. Hagens.

---

WILLIAM LINDLEY and another *v.* SAMUEL J. HAGENS—APPLICATION FOR A RE-HEARING.

*R. H. Chinn*, prayed for a re-hearing in this case.

BULLARD, J. A re-hearing was allowed in this case, upon the suggestion of the counsel for the appellant, that he had not expected that the two cases would be decided at the same time ; that he had consequently not done entire justice to his client in

the argument of the case ; and that the court may have over-
looked important matters of fact. We have, therefore, again
attentively considered the evidence upon which the court be-
low proceeded in giving judgment for the plaintiffs.

The bacon was shipped by the plaintiffs as the agents of Ha-
gens, and an advance obtained by means of their bill upon the
consignees, who were directed to render their account of sales
directly to the owner. That was accordingly done. But as the
plaintiffs had drawn for the advance, the consignees drew on
them for the deficiency, and the bill was paid; and the object of
this action is to recover it back.

It is contended, that if Hagens' instructions had been obeyed,
and immediate sales made, the loss would not have occurred.
Upon this point it is shown that his orders were obeyed as far as
they could be, considering the state of the market and the con-
dition of the bacon. This is positively sworn to.

When the account was shown to Hagens, it appears, accord-
ing to the testimony of one of the witnesses, that he said he
would pay it if he had the money. He at the same time made
some objections to the charges made by the house in New York,
for wheeling, re-wheeling, scraping and smoking the bacon, and
about a hogshead sold to a Frenchman who failed and paid only
five dollars. All his objections were confined, says the witness,
to the charges of the New York house ; but he admitted that he
had received from that house an account of sales.

With the evidence before us in the record, even if this action
were between the New York house and Hagens, to recover the
difference between the advance and the proceeds of the bacon,
we should not think ourselves authorised to reverse a judgment
against the defendant, as clearly unsupported by evidence ; still
less do we, when his agents here seek the reimbursement of a
sum paid for him, when he made no objections on receiving an
account of sales, and which he said he would pay if he had the
money, notwithstanding some trivial objections to some of the
charges, especially as he has his redress against the consignees
in New York, if they have sacrificed his interests by violating
his instructions.

Let our first judgment remain undisturbed.